## BOUNDS v BALDWIN et

Ohio Appeals, 2nd Dist, Franklin Co.

No. 3127. Decided March 15, 1940.

L. DeWitt Agler, and Williams, Williams, Klapp & Reynolds, Columbus, for plaintiff-appellant.

Clark V. Campbell, Columbus, for defendants-appellees.

## OPINION

By HORNBECK, PJ.

This is an appeal on questions of law from a judgment dismissing plaintiff's second amended petition and for costs against plaintiff. The judgment was entered after a demurrer to the second amended petition had been sustained and plaintiff had elected to plead no further.

The action was for personal injuries claimed to have been sustained by reason of the negligence of the defendants.

We state so much only of the averments of the petition as is necessary to an appreciation of the legal questions raised by the demurrer. We here-inafter refer to the second amended petition as the "petition".

Defendants, as trustees, own and operate Grant Hospital in the City of Columbus. In December, 1937, plaintiff was employed as a private nurse to attend a pay patient in said hospital who was occupying a room on the third floor of the new building of said hospital. On the morning of December, 3, 1937, after the patient had been served with her breakfast, it was necessary to remove some fruit to the diet kitchen and the tray, dishes, cutlery and unconsumed food to the main kitchen. Plaintiff first took the food to the diet kitchen and left there with the tray and other articles, intending to take them to the main kitchen which was on the first floor. This made necessary that the plaintiff leave the diet kitchen, move along the corridor of the third floor on which it was located to an elevator which she would take to a lower floor, whereon was located the main kitchen.

As plaintiff moved along the corridor holding the tray with her right hand above her shoulder the wife of another patient on said third floor of the hospital stepped from the room of her husband into the corridor directly in front of plaintiff and with her back towards the plaintiff. In order to avoid colliding with said person, plaintiff stepped suddenly to one side and in so doing stepped upon flower petals and leaves on the floor of said corridor which she pleads caused her to fall and was thereby severely injured.

Plaintiff avers that defendants, through their employees, permitted the flowers and petals to fall and remain upon the floor of the corridor on the third floor of the new building of said hospital and thereby created a dangerous condition, making it unsafe for plaintiff to carry on her employment as a nurse; that defendants, through their employees, as a part of the service rendered to the patients occupying rooms in the hospital cared for the flowers in the rooms of said patients, removed them from said rooms in the evening, placed them along the side of the cor-

ridors and returned them to the rooms of the patients in the early morning; that plaintiff knew of this practice of the hospital employees; that "during the process of such care and attention given to such flowers that, while being so taken from and returned to said rooms, they easily shed their leaves and petals;" that "defendants recognized that when such leaves and flower petals are on such floor, the same constitute a hazard and menace to persons passing along said corridor, and had so specifically stated in the rules and regulations hereinafter mentioned;" that "defendants by rule have provided that the employees of the hospital should promptly remove such leaves and flower petals from the floor when they fall thereon and that such removal of the flowers from the corridors to the patients' rooms should be made between the hours of 6 and 7 A. M.

The specific averments of negligence are:

1. In dropping said flower petals and leaves on said floor in said corridor.

2. In failing to maintain a proper inspection and supervision of said corridor.

3. In permitting said flowers, petals, and leaves to remain on said floor in said corridor.

4. In not removing from said floor of said corridor, the flowers, leaves, and petals.

5. In placing flowers on the floor of said corridor used by the plaintiff in the exercise of her duties as a nurse.

6. In not providing a separate room for placing flowers during the night season.

7. In instructing its agents and servants to place flowers on said floors of said corridors.

8. In causing said floor of said corridor to become in a slippery condition without warning the plaintiff of said slippery condition.

9. In leaving the said floors of said corridor in a slippery condition without warning the plaintiff of said condition.

10. In failing to provide for the plaintiff a safe place to discharge her duties as said nurse.

It is averred that the negligent acts of defendants proximately caused her fall and consequent injuries. The general demurrer to the petition was sustained upon the authority of the 5th syllabus, **The Kroger Grocery & Baking Co. v McCune, 46 Oh Ap 291**, and decision by this court in which the opinion was written by Barnes, Judge. This syllabus reads:

"To create liability for slip and fall on substance on floor, want of ordinary care cannot be claimed unless it is shown that substance on floor was known to have qualities which would make it dangerous to persons coming in contact with it.".

The judge who passed on the demurrer was also of opinion that plaintiff was chargeable with contributory negligence by failing to use the center or travelled portion of the corridor as she walked along toward the elevator preparatory to moving to the main kitchen.

The cited case was heard and tried in the first court resulting in a verdict and judgment for the plaintiff. It was upon review of an appeal from this judgment that our decision was released. We held that the trial court should have sustained defendant's motion to direct a verdict.

It may, therefore, be observed that this case was considered on the question of sufficiency of proof and not upon the sufficiency of the pleading.

In the instant case it is in substance averred, that the presence of the leaves and petals on the floor of the corridor created a dangerous condition, which fact was known to the defendants. Obviously both of these essentials must be supported by the proof if plaintiff is to recover. It is urged that such averments are not sufficient to state a cause of action. Certainly enough would not appear if plaintiff showed only that there were leaves and petals on the floor and that she fell thereon but if it ap-

peared that leaves and petals were of such constituency that they might cause one to slip and fall, and this condition was shown to have been known to the defendants, such proof would be sufficient as to this element of the plaintiff's case.

In the Krogery Grocery case, supra, there was no proof of the dangerous character of the lettuce leaf and nothing to show that it was recognized as a substance upon which one might slip and fall. Here, not only is it averred that the petals on the floor created a dangerous condition but also that it was recognized by the defendants that it created a dangerous condition in that they had set out specifically in a rule which they promulgated, that to permit leaves and flower petals to remain on the floor constituted a hazard and menace to persons passing along the corridor. Of course, if leaves and flower petals on the floor were not slippery when stepped upon the fact that the rule heretofore mentioned recognized them as a hazard and menace would not take the place of proof that they were of dangerous nature when lying upon the floor of the hospital.

The petition does not purport to carry the rule of the hospital verbatim but we must accept the language which it is averred the rule embodies. A general rule that floors of corridors should be kept free of all extraneous matter might well be considered as a sanitary regulation only, but if the rule goes so far as to state in unequivocal terms that leaves and petals on floors constitute a menace and a hazard such language cannot be reconciled as referring only to a health or sanitary measure.

We are satisfied that the averments of the petition as to the dangerous condition created by the leaves and petals on the floor, together with the alleged knowledge of this condition set up in the petition and the rule of the hospital set out in the pleading is sufficient in conjunction with the other averments to constitute a good cause of action against the general demurrer.

We are not of the opinion that the building code regulation to effect that halls and corridors of public buildings, including hospitals, shall be kept free and unobstructed at all times constitutes a safety regulation, a violation of which would be negligence per se. Leaves and petals are too inconsequential in size and dimension to constitute an obstruction.

Nor can we say from the petition that plaintiff is chargeable with contributory negligence as a matter of law because the time she fell she may have been walking to the edge of the corridor and not along and upon the path customarily trod by those who walk through the hall. This question is one upon which there may be difference of opinion and is within the realm of controverted fact and peculiarly for the jury.

The averments of the petition may be difficult of proof and we can readily understand that the plaintiff, if her case goes to trial, may be confronted at the outset with a handicap in proving that the employees of defendant put the leaves and petals on the floor or knew that they were there. However, this does not reach nor touch the question of the sufficiency of the petition which is the one test to be applied on the demurrer to the petition.

The petition in this case may be supported by the judgment in **Woolworth Co. v Kinney, 121 Oh St 462,** and is not in conflict with **Penney Co. v Robison, 128 Oh St 626,** because in this latter case the court was treating the question of the sufficiency of the proof and not testing the sufficiency of the averment of the petition.

The demurrer should have been overruled. Judgment reversed and cause remanded.

GEIGER and BARNES, JJ., concur.